# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| MERRILY JEAN FIELDS,<br>    Plaintiff,<br><br>    v.<br><br>WRIGHT MEDICAL TECHNOLOGY, INC.,<br>and WRIGHT MEDICAL GROUP, INC.,<br>    Defendants. | )<br>)<br>)<br>)   CAUSE NO.: 4:15-CV-110-RL-JEM<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on a Motion to Compel [DE 37], filed by Plaintiff on February 21, 2017. Plaintiff asks the Court to compel Defendants to more fully respond to a number of Plaintiff's requests for documents. Defendants filed a response on March 14, 2017, and Plaintiff filed a reply on March 21, 2017.

**I.    Standard**

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. *See* Fed. R. Civ. P. 37(a). Federal Rule of Civil Procedure 26(b)(1) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Furthermore, the Rule provides that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. *See* Fed. R. Civ. P. 37(a). A party objecting

to the discovery request bears the burden of showing why the request is improper. *See McGrath v. Everest Nat. Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). The Court has broad discretion when deciding whether to compel discovery. *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993)).

**II.   Analysis**

Plaintiff's Amended Complaint seeks recovery for injuries stemming from allegedly defective hip implant components. The components were marketed as the PROFEMUR hip stem system and consisted of a PROFEMUR Plasma Z stem and PROFEMUR CoCr modular neck. Plaintiff alleges that she required revision surgery and that there was corrosion in the system at the stem-neck interface, so the cobalt chromium neck was replaced with a Titanium Alloy PROFEMUR long neck. Plaintiff alleges that this device also failed at the stem-neck interface.

Plaintiff requests documents relating to other versions of the titanum and CoCr PROFEMUR modular necks, copies of communication with the FDA regarding fretting, fracture, or corrosion of PROFEMUR hip devices, and a request for definition of the term "heavyweight patients" in Defendant's advertising. Defendants object that the request for information about other models of PROFEMUR stems is overbroad because the models differ significantly from each other and from those implanted in Plaintiff. They also object that the time period of the document request is too large and insufficiently targeted to the allegations in this case, and that Plaintiff's interrogatory regarding "heavyweight patients" is insufficiently clarified and without context that would allow Defendants to respond.

The opening paragraph of Plaintiff's Motion includes a list of numbers that she represents

2

are requests that Defendants have inadequately responded to; however, although the attachments include both a list of interrogatories and a list of requests for production, many of the same numbers appear on both lists. The parties' briefs address categories of objections to discovery without identifying which specific outstanding request belongs in which category, so the Court likewise addresses their arguments generally as to categories of documents and will not compel any specific responses by number.

### A. Other PROFEMUR Products and Methods of Failure

Defendants object to providing information about other models of PROFEMUR products than those which were implanted in Plaintiff, arguing that they have provided full information about the products directly at issue in this case. Defendants argue that Plaintiff's request for more information is a fishing expedition and that her request is overbroad and burdensome, not appropriately tailored to the issues in this case. They argue that the models in the product line are not the same, that the different sizes are intended to cover different patient anatomies and that those different anatomies also affect the complications and injuries the patients suffer. Plaintiff argues that information about other PROFEMUR models is relevant because those devices are substantially similar to the devices implanted in Plaintiff and that the mechanism of failure between the different versions is the same.

Plaintiff argues that Defendants did not distinguish between the versions of the modular necks or stems in their advertising, instead emphasizing the interchangeable nature of the PROFEMUR system without making any performance distinction. In addition, Plaintiff points to the adverse event database published by the Food and Drug Administration, noting that it does not distinguish between PROFEMUR neck models, and to the approval Defendants sought from the

3

FDA, which likewise did not differentiate between the necks.

As Plaintiff argues, discovery into similar products with the same component parts or structural defects is generally permitted in products liability cases. *See, e.g.*, *Piacenti v. Gen. Motors Corp.*, 173 F.R.D. 221, 224-25 (N.D. Ill. 1997) (describing cases). Particularly given that Defendants do not appear to distinguish between the different PROFEMUR models when describing their safety, and given that this is a question of what information is discoverable, not what evidence can be admitted at trial, Defendants have not borne their burden of establishing that the information on other PROFEMUR models is improper. Accordingly, Defendants must respond to Plaintiff's requests as to all PROFEMUR neck models. To the extent that Plaintiff is seeking information about completely different products, Defendants have sufficiently demonstrated that requiring them to produce documents pertaining to non-modular neck products is unduly burdensome and not sufficiently targeted to lead to relevant information.

Similarly, Plaintiff also seeks documents relating to failure due to fracture and fretting, in addition to corrosion, and argues that Defendants' marketing documents reflect that Defendants believe fretting or corrosion lead to fracture. Defendants argue that materials pertaining to fretting and fracture are irrelevant, and the burden of producing them is not proportional to the needs of the case.

Defendants particularly object to providing documents and communications between Defendants and the FDA that include discussion about modular neck corroding, fretting, or fracturing and any reports to or from the FDA for incidents of corroding, fretting, or fracturing. Defendants argue that they have sufficiently complied with this request by providing documents regarding the products that were implanted in Plaintiff and producing the complaint file and adverse

4

event reports for Plaintiff's alleged injuries. They argue that complaint files and adverse event reports for other patients are not relevant, too burdensome to produce, and publically available. Defendants argue that the burden of searching its files for all complaints and reports related to all PROFEUMR products and redacting the confidential patient information from them outweighs the relevance when there are publically available versions of this information.

Plaintiff responds that the information Defendants send to the FDA about failure of the modular necks is not available to Plaintiff and that Plaintiff is entitled to information about what Defendants learned about failure of the PROFEMUR modular necks and when they discovered it. The Court agrees that information about the failure of PROFEMUR modular necks and Defendants' knowledge of that failure is relevant to Plaintiff's claims, even if not all of it is admissible at trial. *See* Fed. R. Civ. P. 36(b)(1).

Plaintiff also argues that Defendants have already produced much of the requested information in other similar cases, so providing it in this case is not unduly burdensome and will not require Defendants to craft a new document search. Defendants argue that Plaintiff is not entitled to cloned discovery just because it has been produced in other cases. To the extent that Plaintiff is arguing as to the relative burden of production, the fact that Defendants need not engineer a search from scratch makes Plaintiff's request less burdensome; however, to the extent that Plaintiff is requesting that the Court compel Defendants to produce information merely because it has been produced in other cases, and she has not specifically requested the information contained in those documents in this case, that request is denied. *Compare Peterson v. Wright Med. Tech., Inc.*, No. 11-1330, 2013 WL 655527, at *5 (C.D. Ill. Feb. 21, 2013) ("The very purpose of discovery is to give the parties the opportunity to learn what their opponents know about the issues in the case. In this

5

case, the 'cloned' discovery seeks information that is relevant to plaintiff's claims and defendants' defenses and that it is reasonably calculated to lead to the discovery of admissible evidence on the questions of what Wright knew and when Wright learned what it knew about the defect alleged in the complaint and the failure that allegedly resulted from that defect."), *with Midwest Gas Servs., Inc. v. Ind. Gas Co.*, No. IP 99-690-C-D/F, 2000 WL 760700, at *1 (S.D. Ind. Mar. 7, 2000) ("'Cloned discovery' requesting all documents produced or received during other litigation or investigations, is irrelevant and immaterial unless the fact that particular documents were produced or received by a party is relevant to the subject matter of the instant case. The plaintiffs in this Cause have not shown that the fact that any particular document was produced . . . [in another case] . . . is relevant to the subject matter of this Cause. Instead, the plaintiffs are interested in the content of documents and for that they must make proper requests describing the information in which they are interested. The plaintiffs' counsel must do their own work and request the information they seek directly.").

Plaintiff has demonstrated that her request for documents relating to failure of PROFEMUR products due to fretting, corrosion, and fracture is relevant and reasonably targeted, and Defendants have not borne their burden of showing that the requests are improper or unduly burdensome. Accordingly, Defendants must produce documents relating to all PROFEMUR modular necks, and documents related to the failure through fretting, corrosion, and fracture, including documents and communications between Defendants and the FDA about such failures.

B.   Time Period

Plaintiff requests up to thirty years of documents for some of its discovery requests, arguing that the discovery she seeks is proportional given her access to information and resources as

compared to Defendants' access and resources. Defendants argue that the thirty-year time period is overbroad and inappropriate. Plaintiff argues that Defendants have been making claims about the integrity of their products for thirty years, and that many of her requests are self-limiting as to time and encompass significantly less than thirty years. Without the parties specifically pointing out contested requests and the efforts they have already made to narrow them, the Court cannot make a determination as to whether the thirty year span is appropriate for any particular request. To the extent that Plaintiff is seeking general information for a period of thirty years that would require Defendants to launch a new search, that request is overbroad and not sufficiently targeted. To the extent that the requests are, as Plaintiff argues, self-limiting and/or have already been produced in another case such that a new document search is unnecessary, the documents should be produced. The Court cautions the parties of the requirement to cooperate and attempt to work out disputes as much as possible without involving the Court. *See* Fed. R. Civ. P. 37(a)(1).

C. Definition of "Heavyweight"

In her interrogatory number 11, Plaintiff requests that Defendants "define the term 'heavyweight patients' as Wright understood the term: (a) prior to 3/25/08; and (b) after 3/27/08 if its understanding of that term changed." As drafted, the Court agrees with Defendants that the interrogatory request is too vague and requires some context. However, Plaintiff has specified that she seek Defendant's definition of the term as used in its advertising of PROFEMUR products. Especially since there is a potential conflict between the use of the term "heavyweight patients" in advertising and the explanation in other documents that PROFEMUR products failed because of their implantation in "heavier patients," the Court concludes that this request is relevant to the claims or defenses in this case, and that Plaintiff has now sufficiently clarified and limited Plaintiff's

7

request. Accordingly, Defendants are required to respond to Plaintiff's request that it define the term "heavyweight patients" as referred to in Defendant's advertising of PROFEMUR products both prior to March 25, 2008, and after March 27, 2008.

### III.     Conclusion

For the foregoing reasons, the Court hereby **GRANTS in part and DENIES in part** the Motion to Compel [DE 37], as described above. Because the motion to compel is granted in part and denied in part, the Court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ P. 37(a)(5)(C). Accordingly, the Court **ORDERS** Plaintiff to **FILE**, on or before **August 2, 2017**, an itemization of her costs and fees, including attorney's fees, incurred in the Motion to Compel along with argument as to why those expenses are reasonable in this situation, with Defendants to **FILE** responses to the requests for expenses and any argument as to the reasonableness of the fees or why payment of fees is unjust, along with any requests for payments of their own costs and fees, on or before **August 16, 2017**, and Plaintiff to reply on or before **August 23, 2017**.

SO ORDERED this 19th day of July, 2017.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     All counsel of record

8